MOSES FALK & CO. *vs.* HENRY S. FLINT & CO.

The refusal or neglect of a garnishee to answer written interrogatories filed under Gen. Stat. R. I. cap. 197, § 12, after he has rendered "the account in writing under oath" required by § 10 of the same chapter, is a contempt of court and subjects him to the penalty of such contempt, but does not make him liable to satisfy the plaintiff's judgment; the liability imposed by Gen. Stat. R. I. cap. 197, § 18, referring to §§ 9 and 10 of said chapter not to § 12.

CASE, against the defendants as garnishees. Heard by the court.

*January* 3, 1878. DURFEE, C. J. This is an action on the case against the defendants as garnishees under Gen. Stat. R. I. cap. 197. The defendants were served as garnishees in an action which the plaintiffs brought against one Armstrong, in the Court of Common Pleas. In the Court of Common Pleas they made affidavit, as required by cap. 197, § 10, denying that they had any of Armstrong's personal estate when served. The plaintiffs then submitted interrogatories under § 12, which the defendants answered, reiterating their denial. Thereupon the plaintiffs submitted further interrogatories, and obtained an order on the defendants to answer them on or before the last day of the next term. The defendants neglected to comply with this order. The plaintiffs took judgment. They bring this action, and claim that the defendants, having failed to comply with the order, are liable to satisfy the judgment against Armstrong, or to be sued, the same as if they had made no affidavit.

We do not adopt that view. The garnishee's liability is imposed by § 18. That section makes him liable in case he neglects or refuses to render " such an account on oath as aforesaid." The only previous mention of " an account on oath," in terms, is in §§ 9 and 10, where it means the affidavit that precedes the interrogatories. We think it is this affidavit which is referred to in § 18. This affidavit the garnishee may make or not, as he pleases, being liable, if he does not, to satisfy the judgment in the principal case. If he makes it, then either party in the principal case may examine him on interrogatories in writing, which he is to answer in writing under oath. This is a mere right of examination, which was formerly conducted in the presence of the court, or of some justice of the Supreme Court or Court of Common Pleas. Digest of 1844, p. 119 ; Rev. Stat. R. I. cap. 183, § 5. The remedy for a neglect or refusal to submit to this examination is not given by § 18, but exists in the general power of the court to punish for contempt.

We give the defendant judgment for his costs.

*George B. Barrows*, for plaintiffs.

*John D. Thurston*, for defendants.